## BOND v. PATTERSON.

In actions by attachment, the affidavit, writ of attachment, or declaration, if there be one, must contain a description of the demand with so much certainty, that a recovery therein will bar any other suit for the same demand. An attachment issued without an oath or affirmation, first made and filed according to the statute, cannot be sustained.

ERROR to the *Jefferson* Circuit Court.—A foreign attachment against the estate of *Bond* was sued out by *Patterson*. The

record did not show whether any affidavit or declaration had been filed in the cause. The attachment stated, that "Whereas it appears by the affidavit of *Samuel Patterson* that *Merican Bond* stands indebted to him in the sum of 1500 dollars," &c. No other description of the debt appeared in the record.—Judgment by default against the defendant below, for the amount named in the attachment.

HOLMAN, J.—It is an incontestible position, that no action can be supported for any demand whatever, unless the demand is so far identified by description, as to be distinguished from any other demand of a like nature. Its most prominent features must be delineated, so as to be known wherever they make their appearance, that one recovery may bar every future attempt to enforce the same demand. This position is equally applicable to an action by attachment, as to one prosecuted in the ordinary way. If more certainty were required in either, it should be found in proceedings by attachment, inasmuch as they are conducted in the absence of the defendant. In this case the demand has no certainty except as to the amount, and that it was due before the attachment issued. Whether the debt was due by bond, bill, note, or account, remains unknown. This record would not bar any action, brought by *Patterson* against *Bond*, on any contract whatever. It is true, the act of assembly, regulating foreign attachments, does not require a specific description of the nature of the debt to be set forth in the oath or affirmation on which the attachment is founded; nor would this Court require it wherever a declaration had been filed with descriptive certainty. Here no declaration has been filed, and the demand as set forth in the attachment, is too uncertain to be enforced. Whether, for this deficiency, the attachment could be objected to, it is not necessary to enquire, as there is manifest error in a previous part of the proceedings. The act allowing foreign attachments, Stat. 1807, p. 62, requires an oath or affirmation to be made before the attachment issues; which oath or affirmation is to be filed in the clerk's office (1). In this case we have no evidence whatever, that any oath or affirmation was filed in the clerk's office, and no other evidence that any such oath or affirmation was made, but what appears on the face of the attachment. The evidence thus derived is inadmissible, inasmuch as the written oath or affirmation is required by

the statute.  Without such oath or affirmation, the attachment cannot he sustained.

*Per Curiam.*—The judgment is reversed, with costs.

*Caswell,* for the plaintiff.

(1)  Acc. Ind. Stat. 1823, p. 69.

