GILLY
v.
BRECKEN-
RIDGE.

## GILLY v. BRECKENRIDGE.

When a creditor comes in, during the pendency of an attachment commenced by another, to obtain a judgment under the statute, his claim must be set forth with the same certainty that, in any other action, is required in a declaration.

*Saturday, November* 10.

ERROR to the *Knox* Circuit Court.

SCOTT, J.—*Arthur Patterson* brought suit, by foreign attachment, against *John B. Gilly*, and proceeded to final judgment. During the progress of the suit, and at the term of the Court at which final judgment was rendered, *James D. Breckenridge* filed the following suggestion and claim, to wit, "*James D. Breckenridge* suggests, and gives the Court now here to understand and be informed, that he is one of the creditors of the said *John B. Gilly*, the defendant in attachment, to the amount and for the sum of 4,214 dollars and 78 cents; and he prays a dividend in the property attached, in proportion to the amount of his demand or claim, first deducting all legal costs from the amount which the property attached may bring, according to the statute of the state of *Indiana*, in such case made and provided. *June* 23rd, 1826.—*James D. Breckenridge*." The plaintiff by his counsel objected to this claim, but the Court overruled the objection. A jury was impannelled, and there was a verdict for the whole amount of the claim, and judgment accordingly. To reverse that judgment is the object of the present writ of error.

It is essential to a good declaration, in all the forms of action known to the common law, that it contain a good cause of action, set forth with such certainty of persons, time, place, and matter, as to be distinguishable from any other demand of the same nature. The cause of action must be so specially described, that one recovery will bar any future attempt to enforce the same demand. It was decided by this Court, in the case of *Bond* v. *Patterson*, 1 Blackf. 34, that this certainty is as indispensable in cases of attachment as in any other form of action. In that case, the decision had respect particularly to the description of the demand set up by the plaintiff; but the doctrine is equally applicable to one who comes in as a

claiming creditor, after the writ has been sued out by another: no reason exists, why the rules of law should be, in any degree, relaxed in his favour; or why he should be excused from showing his claim with the same descriptive certainty which would, in any other form of action, be required in a declaration. In the case before us, no contract is set out, no breach assigned, no time, place, or consideration, is shown; the mere suggestion that the claimant is *one of the creditors of Gilly,* to the amount of 4,214 dollars and 70 cents, is all the claim the record shows. Some depositions, and a long account purporting to be some transactions between these parties, are sent up with the record; but as these documents form no part of the record, we cannot notice them. We are therefore of opinion that, for the vagueness and uncertainty of the claim, the objection made to it in the Circuit Court ought to have been sustained, and that the Court erred in overruling that objection.

*Per Curiam.*—The judgment is reversed with costs.

*Judah,* for the plaintiff.

*Dewey,* for the defendant.